On Motion to Dismiss.
The opinion of the court was delivered by
Bermudez, O. J.
The plaintiff moves the dismissal of this appeal on the following grounds, viz:
1. The value of the property in dispute is less than $2000 and this-court has no jurisdiction ratione materise.
2. The bond furnished originally in tb£ court a gua was insufficient - for a suspensive appeal, and said court was without power to allow a new bond.
I.
The action is petitory in. character. The petition states the value of the property to be $1200; but the answer sets it at $2500.'
After asserting the validity of the title, the defendant called in his vendor in warranty, asking a judgment against him eventually, for $2500.
By its judgment, the lower court evicted defendant and condemned the warrantor to pay $1200.
The defendant did not appeal, but the warrantor has. The effect of such appeal, as far as the plaintiff is concerned, need not be considered presently, except to note that the plaintiff has an interest'at stake, and therefore to seek the dismissal.
The matter at issue between the defendant and the warrantor, appellant, on which the lower court passed, and which comes up by the appeal, is the amount claimed from the warrantor, namely, $2500.
By the pleadings between the defendant and the warrantor, the case was made appealable, and the judgment in the issue between them could have been appealed from by either or both.
*348 The value of the property claimed is no factor in the examination of the first ground of the motion to dismiss. It may acquire significance on the merits of the controversy; but only if it be true that the plaintiff has a good title to the revendicated property, for then ■ the defendant, being evicted, would be entitled to recover from his vendor at least for the value of the property paid to him.
It is evident that, as the pleadings stand, between the defendant and the warrantor, who is the appellant, this court could, circumstances justifying, render a judgment for the amount claimed by the former, on his call in warranty, from the latter, viz-: $2500.
The first ground is therefore untenable.
II.
Having jurisdiction over the matter in dispute, this court has authority to inquire into the merits of the second ground, relied on for the dismissal of the appeal, which relates to the insufficiency of the bond furnished originally, and to the lack of power in the judge to .allow another one to be given in place.
The record shows that the plaintiff and the defendant have, in a joint motion in the court a qua, moved to dismiss the appeal granted, on the grounds of the insufficiency of the surety and bond, contending that the original surety being insufficient in amount, the court had no authority to allow the warrantor and appellant to furnish another.
The District Court held that the surety was good, and that it had •authority to act as it did.
No appeal has been taken from that judgment.
Its correctness can not be tested by the motion to dismiss made in .this court, and now under consideration.
It will remain undisturbed until reversed on appeal.
The motion is denied.